IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBORAH HAYNES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-2268-P (BK) |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for a recommendation. The Court now considers the parties' cross motions for summary judgment. (Doc. 12; Doc. 15). For the reasons that follow, the Court recommends that Plaintiff's *Motion for Summary Judgment* be **GRANTED**, Defendant's *Motion for Summary Judgment* be **DENIED**, the decision of the Commissioner be **REVERSED**, and the case be **REMANDED** for further proceedings.

**I. BACKGROUND**[1]

**A.     Procedural History**

Deborah Haynes seeks judicial review of a final decision by the Commissioner of Social Security denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. In October 2007, Plaintiff applied for DIB, claiming that she had been disabled since March 1, 2007, due to lower lumbar disk injury, anxiety, and depression. (Tr. at 123, 156,

---

[1] The background information is taken from the transcript of the administrative proceedings, which is designated as "Tr."

160, 198). Plaintiff's application was denied at all administrative levels and she now appeals to this Court under 42 U.S.C. § 405(g). (Tr. at 4-7, 10-25, 55, 59, 68, 71).

**B.     Factual History**

    **1.     Age, Education, and Work Experience**

Plaintiff was 43 years old at the time of the ALJ's decision, has a high school and college education, and has past relevant work history as a case manager/worker. (Tr. at 32, 48, 123, 156).

    **2.     Medical Evidence**

As pertinent to the disposition of this case, from August 2007 through March 2008, Dr. James Crockett noted that Plaintiff suffered from major depression and anxiety, prescribing Xanax for the anxiety. (Tr. at 296-308, 377-99). In 2009, Dr. Crockett again noted that Plaintiff suffered from major depression and anxiety, as well as sleep disturbance, and planned to continue Plaintiff's psychological evaluation and Xanax prescription. (Tr. at 258-62, 490).

In December 2007, Dr. Deena Wright diagnosed Plaintiff with major depressive disorder, stemming from the time of Plaintiff's injury, and anxiety. (Tr. at 286-90). Dr. Wright described Plaintiff as cooperative, oriented times four to person, place, situation and time, and found that Plaintiff's intellectual functioning was within normal limits. (Tr. at 287). In January and August 2008, Dr. Wright again noted that Plaintiff suffered from depression and anxiety. (Tr. at 405-06, 408-413). In addition, in 2009, Dr. James Galbraith diagnosed Plaintiff with reactive depressive disorder and described her as "stressed." (Tr. at 471-72, 474, 480, 489).

    **3.     Hearing Testimony**

On June 20, 2009, Plaintiff testified at a hearing before the ALJ that she suffered a back injury at work in March 2007, and that she had not worked since May 2007. (Tr. at 26, 31). In

February 2008, Plaintiff underwent surgery on her back, but still suffered from pain. (Tr. at 31-34). Prior to her injury, Plaintiff was a case manager for the Texas Youth Commission. (Tr. at 39).

Plaintiff was referred to a psychologist by Dr. Crockett and, at the time of the hearing, was still seeing the psychologist every week. (Tr. at 40, 41). However, Plaintiff was no longer taking the medication prescribed for her mental health issues. (Tr. at 41).

## C. ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2009, and had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17). The ALJ next found that Plaintiff had the severe impairment of disorders of the back, but that Plaintiff's impairment failed to meet or equal any of the listed impairments upon which disability is presumed. (Tr. at 17-20). The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work. (Tr. at 20). At step four, the ALJ found that Plaintiff was able to perform her past relevant work, and therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 21).

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the

regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. If the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III. ANALYSIS

As her sole issue for review, Plaintiff contends that the ALJ erred by failing to apply the psychiatric review technique dictated by 20 C.F.R § 404.1520(a) when evaluating her mental impairments. (Doc. 13 at 17). While the Commissioner concedes that the ALJ did not explicitly state that he applied the psychiatric review technique, he nonetheless argues that the ALJ's decision is supported by substantial evidence and is, therefore, harmless. (Doc. 15-1 at 5).

In the Fifth Circuit, an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985). The Social Security Administration has additional regulations that govern the evaluation of the severity of a claimant's mental impairment.[1] 20 C.F.R. § 404.1520a. Those regulations require the ALJ to use a "special technique" that involves identifying each mental impairment specifically, rating the degree of functional limitation resulting from each impairment in four broad functional areas, and using those ratings to determine the severity of each impairment. *Id*. The regulations also require the ALJ to document his application of the special technique to the claimant's mental impairments. 20 C.F.R. § 404.1520a(e). Violation of a regulation constitutes reversible error and requires remand only when a reviewing court concludes that the error is not harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir.2003).

In this case, neither party disputes that Plaintiff was mentally impaired. (Tr. at 17). Plaintiff provided substantial evidence that she was diagnosed with depression and anxiety by three different doctors over a nearly two year period. (Tr. at 258-62, 286-90, 296-308, 377-99, 405-06, 408-413, 471-72, 474, 480, 489-90). But the Commissioner argues that substantial

---

[1] *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) ("an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.")

evidence supports the ALJ's <u>implicit</u> determination that Plaintiff's mental impairments were not severe. (Doc. 15-1 at 5).

This Court concludes, however, that the ALJ's failure to analyze the functional limitations of Plaintiff's mental impairments as required by 20 C.F.R § 404.1520a was not harmless. The ALJ only made limited mention of Plaintiff's mental impairments in his summary of the medical evidence. (Tr. at 17, 19). Consequently, this Court is unable to discern the ALJ's findings regarding the degree of Plaintiff's limitations in each of the four functional areas, or even if the ALJ properly considered all evidence relevant to those areas. *Biles v. Astrue*, 3:09-CV-318, 2010 WL 4688810 at *9 (N.D. Tex. Oct. 28, 2010) (citing *Satterwhite v. Barnhart*, 44 Fed. App'x 652, 2002 WL 1396957, *1–2 (5th Cir. Jun.6, 2002) (where a non-frivolous claim of mental impairment exists, the ALJ's failure to follow the psychiatric review technique and make the required findings constitutes legal error and requires remand). Because the ALJ's failure to adhere to the regulations prevents effective review by this Court, it is not harmless.

Accordingly, the Court finds that remand is required for reconsideration of Plaintiff's mental impairments using the special technique set forth in 20 C.F.R. § 404.1520a. *See Satterwhite* 2002 WL 1396957 at *2 (expressing "no opinion on whether [the plaintiff] will prevail on the merits of her mental impairment claims," and holding only "that the regulations require the ALJ to specifically evaluate these claims and document his findings accordingly").

### III. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's *Motion for Summary Judgment* (Doc. 12) be **GRANTED**, Defendant's *Motion for Summary Judgment* (Doc. 15) be **DENIED**, the decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings.

**SO RECOMMENDED** on May 4, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE